[920 NYS2d 692]

In the Matter of JEREMY GLANTZ (Admitted as JEREMY THOMAS GLANTZ), an Attorney, Resignor.

Second Department, April 12, 2011

---

#### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for Grievance Committee for the Ninth Judicial District.

*Deborah A. Scalise*, White Plains, for resignor.

#### OPINION OF THE COURT

Per Curiam.

Jeremy Glantz has submitted an affidavit dated December 21,

2010, wherein he tenders his resignation as an attorney and counselor-at-law (see 22 NYCRR 691.9). Mr. Glantz was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 18, 1994 under the name Jeremy Thomas Glantz.

Mr. Glantz avers that his resignation is submitted freely and voluntarily, that-he is not being subjected to coercion or duress, and that he is fully aware of the implications of its submission, including being barred from seeking reinstatement for a period of at least seven years.

Mr. Glantz is aware that the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) is investigating a dishonored check issued in or about July 2010, from an escrow account maintained by him. He is also aware that the Grievance Committee is investigating a sua sponte complaint concerning his failure to maintain his attorney registration with the Office of Court Administration. He acknowledges his inability to successfully defend himself on the merits against any disciplinary charges predicated upon the foregoing investigations.

Mr. Glantz's resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order and he is aware that any order issued pursuant to this statute could be entered as a civil judgment against him. Mr. Glantz specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Inasmuch as the proffered resignation comports with the requirements of 22 NYCRR 691.9, it is accepted and, effective immediately, Jeremy Glantz, admitted under the name Jeremy Thomas Glantz, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FLORIO, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jeremy Glantz, admitted under the name Jeremy Thomas Glantz, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Jeremy Glantz, admitted under the name Jeremy Thomas Glantz, shall promptly comply with this Court's

rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jeremy Glantz, admitted under the name Jeremy Thomas Glantz, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Jeremy Glantz, admitted under the name Jeremy Thomas Glantz, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).